# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs September 6, 2012

## JOAN T. WILLIAMS ET AL. v. BANK OF AMERICA ET AL.

**Appeal from the Circuit Court for Williamson County**
**No. 09619       James G. Martin, III, Judge.**

---

**No. M2012-00105-COA-R3-CV - Filed October 22, 2012**

---

Debtors on a promissory note and deed of trust who have not made a mortgage payment since October 2008 filed this action in October 2009 in an attempt to stay foreclosure proceedings and alternatively for damages based on unjust enrichment. The trial court summarily dismissed the claims and the plaintiffs did not appeal that order. Plaintiffs then filed a motion for reconsideration of the summary dismissal and for stay of foreclosure pending the outcome of the motion for reconsideration; the motion was denied. The plaintiffs filed a timely appeal from the order denying the motion for reconsideration and stay. Finding no error, we affirm.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

John Frank Higgins, Nashville, Tennessee, for the appellant, Joan T. Williams and Ronald L. Williams.

Lauren Paxton Roberts and Christopher Brett Jaeger, Nashville, Tennessee, for the appellee, Bank of America, Wells Fargo Bank, Bank of York Mellon f/k/a The Bank of New York as Successor to JP Morgan Chase Bank, N.A., as Trustee for Sam II Trust, 2005-AR8 Mortgage Pass-Through Certificates, Series 2005-AR8, Countrywide Home Loans f/k/a America's Wholesale Lender, and MERS.

# MEMORANDUM OPINION[1]

Joan T. Williams and Ronald L. Williams ("Plaintiffs") commenced this action on October 26, 2009, stating claims for wrongful foreclosure and unjust enrichment against numerous defendants including Bank of America, Wells Fargo Bank, Bank of York Mellon f/k/a The Bank of New York as Successor to JP Morgan Chase Bank, N.A., as Trustee for Sam II Trust, 2005-AR8 Mortgage Pass-Through Certificates, Series 2005-AR8, Countrywide Home Loans f/k/a America's Wholesale Lender, and MERS ("Defendants"). Defendants timely filed answers denying all of the claims.

On July 15, 2011, Defendants filed motions for summary judgment,[2] which were initially set to be heard on September 12, 2011. Pursuant to an amended notice of hearing, the motion was set to be heard on August 29, 2011. Plaintiffs were provided notice of the rescheduled hearing more than 30 days prior to the hearing; however, Plaintiffs did not file a response to the motion for summary judgment.

The motion came on for hearing on August 29, 2011, but Plaintiffs did not appear nor did anyone appear on their behalf. As a consequence, the trial court granted the motion by order entered on September 12, 2011.

Plaintiffs did not appeal the award of summary judgment; instead, Plaintiffs filed a motion titled "Motion to Set Aside and/or Give Additional Time for Plaintffs to Respond to Defendant's Motion for Summary Judgment." The motion was denied upon findings by the trial court, *inter alia*, that Plaintiffs had not identified any evidence supporting the assertion that they had a meritorious defense concerning their alleged obligations under the note and deed of trust.

---

[1]Tennessee Court of Appeals Rule 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2]A separate motion for summary judgment was filed by another defendant, Real Time Productions, Inc., which was not ruled upon in the order at issue on appeal. Nevertheless, Plaintiffs insist the order appealed from constitutes a final appealable order even though its language is inartful for purposes of Tennessee Rule of Civil Procedure 54.02. Defendants believe it is not a final appealable order but Defendants fully briefed the issues nonetheless. In that the parties have fully briefed the issues and Plaintiffs insist the order appealed from is a final appealable judgment, we hold that it is a final appealable judgment.

Thereafter, on November 2, 2011, in a final attempt to prevent foreclosure, Plaintiffs filed an "Emergency Motion for Reconsideration and Stay of Foreclosure Pending Outcome of Plaintiffs' Motion for Reconsideration." The motion was denied by the trial court. Plaintiffs then timely filed an appeal of the denial of their motion for stay of the foreclosure.

## ANALYSIS

Plaintiffs did not appeal the September 12, 2011 order granting summary judgment; thus, we are not reviewing the propriety of the trial court's decision to summarily dismiss Plaintiffs' claims. Instead, the issue on appeal is whether the trial court abused its discretion in denying the November 2, 2011 motion for reconsideration and stay of the foreclosure. This court reviews such discretionary decisions under an abuse of discretion standard.

> Under the abuse of discretion standard, a trial court's ruling "will be upheld so long as reasonable minds can disagree as to the propriety of the decision made." A trial court abuses its discretion only when it "applies an incorrect legal standard, or reaches a decision which is against logic or reasoning or that causes an injustice to the party complaining." The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court.

*Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (internal citations omitted).

In this appeal, Plaintiffs contend the trial court abused its discretion by denying the motion. Defendants contend the trial court did not abuse its discretion by denying the motion for reconsideration and stay because the trial court found that Plaintiffs were in default on the note, Plaintiffs owed nearly $1.9 million on the note, and the court had properly dismissed Plaintiffs' wrongful foreclosure and unjust enrichment claims in August 2011. Defendants further assert in their brief:

> It is unclear from [Plaintiffs'] brief whether Plaintiffs raise any challenge to the trial court's denial of their Emergency Motion that is not simply a thinly-veiled challenge to the trial court's earlier (unappealed) Orders. To the extent they do, any such challenges must fail. First, Plaintiffs state that "the trial court applied the incorrect legal standard by attempting to impose an 'affidavit' requirement on Plaintiffs." Setting aside the fact that it is unclear what legal standards apply to Plaintiffs' confusing Emergency Motion, Plaintiffs do not and cannot identify anywhere in the trial court's November 3, 2011 Order where it imposes an "affidavit requirement." The Order references affidavits only in reviewing the basis of its summary judgment decision. Nowhere does

the trial court say Plaintiffs were required to submit an affidavit to support their Emergency Motion. Second, Plaintiffs state that "the trial court's denial of Plaintiffs' Emergency Motion is against logical reasoning."

We have examined the record and have determined the trial court addressed the pertinent issues and thoroughly explained the reasons for its decision to deny Plaintiffs' final motion and the motion for reconsideration and to stay foreclosure pending the outcome of the motion for reconsideration. Thus, we quote the pertinent provisions of the trial court's November 3, 2011 order instead of paraphrasing the court's findings and conclusions.

**Order**

This matter is before the Court on Plaintiffs' Emergency Motion for Reconsideration and Stay of Foreclosure Pending Outcome of Plaintiffs' Motion for Reconsideration filed November 2, 2011. Plaintiffs cite no Rule of Civil Procedure in Support of their motion. The Court is unfamiliar with a "Motion for Reconsideration." The Court will treat Plaintiffs motion as one to Alter or Amend the Court's Order of September 15, 2011, pursuant to Rule 59 of the Tennessee Rules of Civil Procedure. A review of the file reflects that this case was initiated by Plaintiffs on October 26, 2009, through the filing of a "verified petition for injunction." All of the Defendants other than Real Time Resolutions, Inc. answered the allegations of the complaint on December 8, 2009, and Real Time Resolutions, Inc. answered the allegations of the complaint on March 3, 2010. The case then remained dormant until the Defendants, other than Real Time Resolutions, Inc., filed their Motion for Summary Judgment on July 15, 2011. In support of their motion, said Defendants filed the declaration of Christen Ransom, which [is] attached as Exhibit 1 as a color copy of an adjustable rate note which purports to bear the signatures of Ronald L. Williams and Joan T. Williams; and which attached thereto as Exhibit 2, a color copy of a Deed of Trust securing the note, which purports to bear the signatures of Ronald L. Williams and Joan T. Williams; and which attached thereto as Exhibit 3, a copy of a letter to Ronald L. and Joan T. Williams at the address 1008 Chapel Lake Circle, Franklin, TN 37069, with a loan history attached to it. Further, in support of their motion, said Defendants filed a statement of undisputed material facts. The Motion for Summary Judgment was originally noticed to be heard on September 12, 2011 at 9:00 a.m. On July 27, 2011, a notice was filed resetting the motion for hearing on August 29, 2011 at 9:00 a.m. The matter was then heard on August 29, 2011, and the Court entered an Order on September 12, 2011, granting all Defendants, other than Real Time Resolutions, Inc., summary judgment. The

-4-

Court's order reflects that it is a final order. Rather than appeal from the Court's order, on September 6, 2011, the Plaintiffs filed a Motion to Set Aside and/or Give Additional Time for Plaintiff to respond to Defendant's Motion for Summary Judgment. On September 15, 2011, the Court entered a Memorandum and Order requiring the Defendants to respond to Plaintiffs' Motion. On September 21, 2011, said Defendants filed their opposition to Plaintiffs' Motion to Set Aside and the Court denied Plaintiffs' Motion to Set Aside and/or Give Additional Time by Order entered October 18, 2011. In addition to Plaintiffs' Motion for Reconsideration, the Court has received an email from Plaintiffs' counsel, a copy of which is attached hereto. In their Emergency Motion for Reconsideration, Plaintiffs argue that the trial court's decision on whether to grant or deny their motion is judged by the standard applicable to default judgments. The Court respectfully disagrees. This matter was not before the Court on a Motion for Judgment by Default. This matter was before the Court on a Motion for Summary Judgment. The Motion for Summary Judgment was properly supported with an affidavit and a statement of undisputed material facts. At the time the Motion for Summary Judgment was heard, and even today, Plaintiffs have submitted no affidavit refuting the facts and matters contained in the affidavit of Christen Ransom, nor have they responded to the statement of undisputed material facts. Plaintiffs do submit the affidavit of Joan Williams, who states that she believes that she has a meritorious defense, but does not articulate that defense. Most importantly, nowhere in her affidavit does Ms. Williams refute Defendants allegation that no payment has been made on the debt in question since October 2008. Ms. Williams further states that she would like the opportunity to be heard and to have her attorney respond to the Motion for Summary Judgment. Plaintiffs were afforded the opportunity to be heard by filing a timely response to the Motion for Summary Judgment. Plaintiffs failed to do so. It is undisputed in this record that the Plaintiffs have continued to occupy the premises known as 1008 Chapel Lake Circle, Franklin, TN 37069 for three years as of October 2011, without making any payments on the indebtedness incurred by them on November 23, 2005, in the principal amount of $1,432,080, the balance of which has increased to $1,592,101.95, as of August 31, 2011, not including $63,163.36 in unpaid escrow for taxes and insurance, which sum had been paid by Bank of America, N.A., further the principal of the debt does not include $213,536.60 in accrued interest and $3,197.69 in late charges. Not only do Plaintiffs fail to allege any ground which would warrant the Court's altering or amending its Order of September 12, 2011, the Court finds that were it to grant Plaintiffs' Motion, the Court would be aiding and abetting the Plaintiffs in their efforts to forestall the inevitable and their desire to continue

to occupy premises to which they are no longer entitled by virtue of their failure to make payments on a note which they executed on November 23, 2005. Accordingly, [the motion is denied].

Based upon the foregoing, we find no abuse of discretion in the trial court's decision to deny the motion for reconsideration and stay; accordingly, we affirm the trial court.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the appellants, Joan T. Williams and Ronald L. Williams.

_____
FRANK G. CLEMENT, JR., JUDGE